■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE REIS, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered November 9, 1978, convicting him of grand larceny in the second degree, upon a jury verdict, and sentencing him to a term of imprisonment of one year in the Dutchess County jail. Judgment modified, on the law and as a matter of discretion in the interest of justice, by (1) reducing the conviction of grand larceny in the second degree to grand larceny in the third degree, and (2) reducing the sentence to a period of probation of five years and a term of imprisonment of 60 days; said term of imprisonment shall be a condition of and run concurrently with the period of probation. As so modified, judgment affirmed and case remitted to the County Court, Dutchess County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The indictment charged that between February 27, 1975 and May 20, 1977, defendant obtained over $1,500 in public assistance to which he was not entitled. It was contended that on several occasions defendant falsely certified that he did not own any real property, that he was merely renting his residence, and that he was unmarried. In reality, defendant did own real property during the period in question, including the home he lived in, and was married to the woman he had listed as his landlady. Additionally, defendant had received in July, 1976 income in the sum of $2,500 from the sale of certain timber which he owned. In view of the failure of the prosecution to have proven beyond a reasonable doubt that the value of the benefits improperly received by defendant in the interval in question exceeded $1,500, the conviction of grand larceny in the second degree cannot stand. It is not possible, from the record, to compute the extent of any potential overpayment to defendant prior to the death of his second wife in June, 1976, since no financial data concerning her was presented. Although the People, therefore, failed to prove an essential element of the crime of grand larceny in the second degree, they did prove the elements of grand larceny in the third degree (Penal Law, § 155.30, subd 1; CPL 470.15, subd 2, par [a]). The only concrete financial evidence available is that a semimonthly payment to defendant of $47 was authorized in June, 1977. It is reasonable to assume that this represents the sum to which defendant would have been entitled since the death of his wife in June, 1976, insofar as his needs and circumstances were then the same as they were in June, 1977. Thus, the difference

between defendant's $94 monthly allotment and the $229 monthly payments which he was receiving during the interval in question, represents the amount of the proven overpayment. On these facts, a conviction of grand larceny in the third degree is warranted. In view of defendant's age and personal hardships and the lack of any prior criminal involvement, the sentence should be modified as indicated. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.